# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KAYNE SUNSTATE INVESTORS, LLC
A Delaware Limited Liability Company,

                Plaintiff,

       v.

ROY ELIASSON, BRYON WOLF, and
ALFRED WOLF,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 1:08-CV-00141 (SLR)

---

## PLAINTIFF KAYNE SUNSTATE INVESTORS, LLC'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO REMAND

---

JOHN C. PHILLIPS, JR. (#110)
BRIAN E. FARNAN (#4089)
DAVID A. BILSON (#4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorneys for Plaintiff,
Kayne Sunstate Investors, LLC

Dated: May 5, 2008

**TABLE OF CONTENTS**

**PAGE**

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    THE DEFENDANTS HAVE THE BURDEN OF PROOF IN
      OPPOSING REMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   DEFENDANTS' REMOVAL RIGHTS SHOULD BE STRICTLY
      CONSTRUED IN LIGHT OF THE FORUM SELECTION CLAUSE,
      WHICH IS NOT SUBJECT TO HEIGHTENED STANDARDS OF
      INTERPRETATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  THE PLAIN LANGUAGE OF THE FORUM SELECTION CLAUSE
      DEMONSTRATES THAT THE DEFENDANTS WAIVED THEIR
      RIGHT TO REMOVE THIS CASE TO FEDERAL COURT . . . . . . . . . . . . . . . . . . 5

IV.   THE DELAWARE STATE JUDICIARY'S DUAL SYSTEM OF LAW
      AND EQUITY HAS NO EFFECT ON THE OPERATION OR
      INTERPRETATION OF THE FORUM SELECTION CLAUSE . . . . . . . . . . . . . . . 11

V.    A FINDING THAT THE DEFENDANTS WAIVED THEIR REMOVAL
      RIGHTS IN THE FORUM SELECTION CLAUSE WILL NOT
      FRUSTRATE REASONABLE COMMERCIAL EXPECTATIONS . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i.

**TABLE OF CITATIONS**

**PAGE(S)**

Abbott Laboratories v. Johnson and Johnson, Inc., 524 F.Supp.2d 553
(D. Del. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

American Seed Co., Inc. v. Monsanto Co., C.A. No. 05-535 SLR
(D. Del. Dec. 5, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Bank of Am. Corp. v. Lemgruber, 385 F.Supp.2d 200 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . 2

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Chrysler Corp. (Delaware) v. Chaplake Holdings, Ltd., 822 A.2d 1024 (Del. 2003) . . . . . . . . 12

Collin County v. Siemens Business Services, Inc., 250 Fed. Appx. 45
(5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Connecticut Bank of Commerce v. The Republic of Congo, 440 F. Supp. 2d
346 (D. Del. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318 (10th Cir. 1997) . . . . . . . . . . 7

Fleming & Hall, Ltd. v. Cope, 30 F.Supp.2d 459 (D. Del. 1998) . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207 (3d Cir. 1991) . . . . . . . . . . . . . . . 3, 4, 5, 10

Global Satellite Communication Co. v. Starmill U.K. Ltd.,
378 F.3d 1269 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

iNet Directories LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005) . . . . . . . . . . . 8, 10

Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 4

Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . 1

Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . 7

Newman/Haas Racing v. Unelko Corp., 813 F.Supp 1345 (N.D. Ill. 1993) . . . . . . . . . . . . . . 7, 9

QFA Royalties LLC v. Bogdanova, 2006 WL 3371641
(D. Colo. November 21, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

QFA Royalties LLC v. Majed, 2006 WL 3500618 (D. Colo. December 1, 2006) . . . . . . . . . . 9

QFA Royalties LLC v. Petke, No. 06-cv-01633-WMD (D. Colo. Nov. 13, 2006) . . . . . . . . . . 9

Quizno's Franchising II LLC v. Gilco., Inc., 2007 WL 196829
    (D. Colo. January 22, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Robb v. Ramey Assoc., Inc., 14 A.2d 394 (Del. Super. 1940) . . . . . . . . . . . . . . . . . . . . . . . . 6

Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881 (9th Cir. 2005) . . . . . . . . . . . . . . 13

Spenlinhauer v. R.R. Donnelley & Sons Co., 534 F.Supp.2d 162 (D. Me. 2008) . . . . . . . . . . 8

Suter v. Munich Reinsureance Co., 223 F.3d 150 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . 3

Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976) . . . . . . . . . . . . . . . . . . . . . . . 4

Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796 (5th Cir. 2001) . . . . . . . . . . . . . 8-9, 10


OTHER CITATIONS:

19A Fed. Prac. & Proc. Jurs. App. Jud. Code Revision Pt. III Rptr. . . . . . . . . . . . . . . . . . . . . . . 3

Karl N. Llewellyn, Remarks on the Theory of Appellate Decision and
The Rules or Canons About How Statutes Are to Be Construed,
3 Vand. L. Rev. 395 (1949-1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## **ARGUMENT**

In their Answering Brief, the defendants Roy Eliasson, Bryon Wolf, and Alfred Wolf (collectively, the "Defendants") introduce several extraneous matters and red herrings in an effort to obfuscate the only real issue before this Court, which is the scope and effect of Section 9.3(a) (the "Forum Selection Clause") of the Interest Contribution and Preferred Unit Purchase Agreement (the "Purchase Agreement") entered into by the parties. That clause provides:

> Any suit, action or proceeding seeking to enforce any provision of, or based on any dispute or matter arising out of or in connection with, this Agreement, the Related Documents or the transactions contemplated hereby or thereby, must be brought in the courts of the State of Delaware, in New Castle County, or the federal courts in the District of Delaware. Each of the parties (a) consents to the exclusive jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding, (b) irrevocably waives, to the fullest extent permitted by Law, any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which is brought in any such court has been brought in an inconvenient forum, (c) will not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court, (d) will not bring any action relating to this Agreement, the Related Documents or any of the transactions contemplated hereby or thereby in any other court, and (e) to the fullest extent permitted by Law, voluntarily, knowingly, irrevocably and unconditionally waive any right to have a jury participate in the resolution of any such dispute or matter. Process in any such suit, action or proceeding may be served on any party anywhere in the world, whether within or without the jurisdiction of any such court. Without limiting the foregoing, each party agrees that service of process on such party in accordance with the notice provisions of <u>Section 9.5</u> below will be deemed effective service of process on such party.

Purchase Agreement at Section 9.3(a).

As set forth below, the Defendants, as the parties seeking removal, have the burden of proof in opposing remand. Moreover, as the United States Court of Appeals for the Third Circuit and the United States District Court for the District of Delaware have made clear, a "plaintiff's choice of forum is normally due considerable deference." <u>Lony v. E.I. DuPont de Nemours & Co.</u>, 935 F.2d 604, 609 (3d Cir. 1991) (quoted in <u>Abbott Laboratories v. Johnson and Johnson,</u>

Inc., 524 F. Supp.2d 553, 558 (D. Del. 2007)).  Accordingly, plaintiff Kayne Sunstate Investors,

LLC's ("Kayne") initial choice of forum in Delaware Superior Court should be afforded great

weight by this Court.  As the United States District Court for the Southern District of New York

explained, "a plaintiff's forum choice that is consistent with a mandatory forum selection clause

in a contract signed by the parties and encompassing the causes of action brought by the plaintiff

is entitled to 'nearly conclusive deference.'"  Bank of Am. Corp. v. Lemgruber, 385 F. Supp.2d

200, 235 (S.D.N.Y. 2005).

The Defendants simply cannot satisfy their burden here in opposing remand.  The proper

interpretation of the Forum Selection Clause, and the considerable deference due Kayne's choice

of forum, mandate that the Court reject the Defendants' attempt to remove this action to federal

court under the circumstances of this case.

## I.    THE DEFENDANTS HAVE THE BURDEN OF PROOF IN OPPOSING REMAND.

The Defendants assert that Kayne bears the burden in securing a remand and, in support

of that assertion, rely exclusively on case law from **outside** the Third Circuit and a treatise.

Unfortunately for the Defendants, the United States District Court for the District of Delaware

disagrees.  In Fleming & Hall, Ltd. v. Cope, 30 F. Supp.2d 459 (D. Del. 1998), this Court found

that, "[i]n challenging an applicable forum-selection clause, the *defendant* has a particularly high

burden....  Not only does defendant have the burden of proof in opposing remand, but also all

factual allegations in the complaint will be construed as true."[1]  Id. at 463, n.5 (emphasis added).

---

[1]    The Court in Fleming also determined that it lacked subject matter jurisdiction over the plaintiff's case
because the defendant did not show that the plaintiff's case satisfied the monetary requirement for diversity
jurisdiction imposed by 28 U.S.C. § 1332(a).  See Fleming, 30 F. Supp.2d at 461-2.  However, the Court
independently analyzed the propriety of removal and remand under a forum selection clause in a contract between
the parties. Id. at 463-4.

The Court's determination in <u>Fleming</u> accords with a leading treatise discussing Third Circuit law:

> [T]he general judicial policy of strict construction of the removal statute shifts the burden of construction to a party seeking to avoid a prima facie waiver of the right of removal. These courts hold that a removal preclusive forum-selection clause should be construed according to the more lenient rules that generally govern construction of the ordinary terms of a contract.

19A Fed. Prac. & Proc. Jurs. App. Fed. Jud. Code Revision Pt. III Rptr. Note J (citing <u>Suter v. Munich Reinsurance Co.</u>, 223 F.3d 150, 156 (3d Cir. 2000)).

Thus, contrary to the Defendants' argument, the Defendants - and not Kayne - bear the burden of proof in opposing remand.

## II.     DEFENDANTS' REMOVAL RIGHTS SHOULD BE STRICTLY CONSTRUED IN LIGHT OF THE FORUM SELECTION CLAUSE, WHICH IS NOT SUBJECT TO HEIGHTENED STANDARDS OF INTERPRETATION.

The Defendants argue that, although it is possible to secure a remand based on a contractual waiver of one's statutory removal rights, "those possibilities are limited and should be uncommon" because federal district courts generally lack the authority to remand when the requirements of the removal statue are met. However, in <u>Foster v. Chesapeake Ins. Co., Ltd.</u>, 933 F.2d 1207 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit ruled that a federal District Court has the authority to remand a case where the parties entered into a forum selection clause that waived the defendant's removal rights. In fact, contrary to the Defendants' contention that their removal rights are to be broadly construed, the Court in <u>Foster</u> observed:

> While it is true that removal represents what has somewhat reverently been called "a statutory right to a federal forum"... this talismanic phrase loses much of its fire in light of the fact that for "approximately five score years" the federal courts "have construed the removal statutes *strictly* and, on the whole, *against* the right of removal."

<u>Id.</u> at 15 (emphasis in original) (quoting Moore's Federal Practice ¶ 0.157[1.-3] at 38).

In <u>Foster</u>, the Third Circuit eliminated any doubt as to the propriety of remanding a suit

subject to removal under statute based on a waiver contained in a forum selection clause: "[I]f a

defendant has removed a case in violation of a forum selection clause, remand is a particularly

appropriate and effective remedy for the wrong." <u>Foster</u>, 933 F.2d at 1216. In fact, the Court in

<u>Foster</u> found that, once the District Court had accepted jurisdiction after removal and determined

that the defendant had contractually waived its removal rights, "it would have been committing

clear error – and violence to the parties' contract – had it nevertheless continued to hear the

case.... [I]t had *no* discretion whatsoever *not* to remove the case from its docket." <u>Id.</u> at 1216

(emphasis added). The Defendants simply cannot support their claim that they can render their

right to remove absolute merely by satisfying the facial requirements of the removal statutes.[2]

Similarly, the Defendants' contention that, according to Delaware law,[3] the parties must

have used "clear affirmative words or actions" in the Forum Selection Clause to effect a waiver

of removal rights is a misstatement of the law. Based on its analysis that the removal statutes are

to be strictly construed against removal, the Third Circuit in <u>Foster</u> unambiguously **rejected** the

---

[2]    The Defendants rely on the United States Supreme Court's decision in <u>Thermtron Prods., Inc. v. Hermansdorfer</u>, 423 U.S. 336 (1976). However, the Court in <u>Foster</u> discounted the precedential value of <u>Thermtron</u> in the context of non-statutory grounds for remand (such as contractual waiver) in light of the Supreme Court's subsequent decision in <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343 (1988): "[T]he circumstance that a remand is based on non-statutory grounds, though important post-<u>Thermtron</u>, is, post-<u>Cohill</u>, of diminished significance. <u>Cohill</u> clearly overruled <u>Thermtron</u> to the extent that <u>Thermtron</u> had held that only statutory grounds for remand are authorized." <u>Foster</u>, 933 F.2d at 1214.

[3]    In their Answering Brief, the Defendants assert that the Forum Selection Clause should be construed in accordance with Delaware law without citing any authority. <u>See</u> Def. Ans. Brief at 7. They further assert that Kayne made such an affirmative statement in its Opening Brief. <u>Id.</u> While Kayne cited a principle of contract interpretation under Delaware law in its Opening Brief (Opening Brief at 10), it made no statement as to what law applies as to the construction of the Forum Selection Clause. After researching this issue in response to the Defendants' assertion, it is clear that federal, not state, law governs the interpretation of the Forum Selection Clause. "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." <u>Jumara v. State Farm Insurance Co.</u>, 55 F.3d 873, 877 (3rd Cir. 1995); <u>see also Fleming</u>, 30 F. Supp.2d at 462 ("[F]or purposes of determining whether the forum-selection clause requires this Court to remand the instant case, this Court will apply federal law."). While the application of federal law does not change the analysis set forth in Kayne's Opening Brief, Kayne addresses this issue to avoid any confusion or misunderstanding.

notion that contractual waivers of removal rights are subject to a heightened standard of interpretation:

> [W]e do not see why contractual waivers of the right to remove must be "clear and unequivocal."... The "clear and unequivocal" standard... fails to consider the *constrictive* rather than *expansive*, nature of the right of removal, in addition to serving no meritorious policy of litigation. It probably had its genesis in the notion, now discarded, that forum selection clauses were presumptively *unenforceable* as "contrary to public policy" or as an illegal attempt to "oust" the court's jurisdiction.... We think the "clear and convincing" [sic] standard so stringent as to be contrary to the rights of parties to contract in advance regarding where they will litigate. A court simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.

Foster, 933 F.2d at 1217, n.15 (emphasis in original).

The Foster decision firmly establishes that courts in the Third Circuit do not construe contractual waivers of removal rights under a heightened standard (regardless of whether the Defendants choose to describe that standard as "clear affirmative words," "clear and unequivocal," or something else), but instead according to ordinary rules of contract construction.

## III. THE PLAIN LANGUAGE OF THE FORUM SELECTION CLAUSE DEMONSTRATES THAT THE DEFENDANTS WAIVED THEIR RIGHT TO REMOVE THIS CASE TO FEDERAL COURT

Read as a whole, the plain language of the Forum Selection Clause demonstrates that, under the circumstances of this case, the Defendants waived their right to remove this case to federal court. The first sentence of that clause and subsection (a) require both Kayne and the Defendants to initiate any actions related to or arising from the Purchase Agreement in either the Delaware state courts in and for New Castle County or the federal courts in the District of Delaware.[4] The waiver of objections to venue contained in subsection (b) of the Forum

---

[4]    Any suit, action or proceeding seeking to enforce any provision of, or based on any dispute or matter arising out of or in connection with, [the Purchase Agreement] the transactions

Selection Clause,[5] when read in conjunction with the language that precedes it, establishes that the party filing suit has the right to remain in the venue where it initially chose to file that suit, whether it be a state court in New Castle County or a federal court in the District of Delaware. Id.

As noted in Kayne's Opening Brief, other courts, under circumstances similar to those herein, have interpreted forum selection clauses almost identical to the Forum Selection Clause here as prohibiting removal of an action from state to federal court. While the Defendants attempt to discount those authorities because they are from jurisdictions outside the Third Circuit, they cite no contrary law from this District or the Third Circuit and, in fact, support their own interpretation of the Forum Selection Clause exclusively with case law from other jurisdictions. However, the case law on which they rely is distinguishable.[6]

Indeed, the Defendants rely on Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269 (11th Cir. 2004), wherein the Court did not find a waiver of removal rights based on the following forum selection clause: "[v]enue shall be in Broward County, Florida . . . The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." Id. at 1271. However, the clause in Global is significantly different

---

contemplated hereby or thereby, must be brought in the courts of the State of Delaware, in New Castle County, or the federal courts in the District of Delaware. Each of the parties (a) consents to the exclusive jurisdiction of such courts... in any such suit, action or proceeding...

Purchase Agreement at 9.3(a)

[5]     "Each of the parties... (b) irrevocably waives... any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding which is brought in any such court...." Purchase Agreement at 9.3(a).

[6]     In their Answering Brief, the Defendants suggest that the decisions they cite relied on the maxim expressio unius est exclusion alterius; however, none of the cases they cite references that maxim. Moreover, as explained in greater detail infra, expressio unius est exclusion alterius must be applied with "great caution." Robb v. Ramey Assoc., Inc., 14 A.2d 394, 396 (Del. Super. 1940).

than the Forum Selection Clause before this Court, as it neither specifies that an action can be initiated in either state or federal court nor serves as a submission by the parties to the jurisdiction of any particular court(s). Rather, it merely requires the filing of an action in a certain locality (Broward County, Florida) without giving either party the option of selecting a binding forum. Additionally, because the Court in <u>Global</u> held that the phrase "submits to the jurisdiction of Broward County, Florida" was vague for failing to identify any particular court(s), it construed the clause against the plaintiff, who drafted the agreement. <u>Id.</u> at 1274. The Forum Selection Clause in the instant matter resulted from the joint efforts of counsel for Kayne and the Defendants and, thus, should not be construed against Kayne. <u>See</u> the Affidavit of Krishnan Ramaswami, attached hereto as Exhibit A. Furthermore, other courts construing language virtually identical to the language found in the forum selection clause in <u>Global</u> found that it constituted a waiver of the defendants' removal rights. <u>See</u> <u>Milk 'N' More, Inc. v. Beavert</u>, 963 F.2d 1342 (10th Cir. 1992) (holding that clause requiring venue in Johnson County, Kansas prohibited removal to federal court); <u>Excell, Inc. v. Sterling Boiler & Mechanical, Inc.</u>, 106 F.3d 318 (10th Cir. 1997) (holding that clause providing that venue shall lie in the County of El Paso, Colorado precluded removal from state to federal court).

     In <u>Newman/Haas Racing v. Unelko Corp.</u>, 813 F. Supp. 1345 (N.D. Ill. 1993), another case cited by the Defendants, the plaintiff seeking remand drafted the forum selection clause at issue and, therefore, that clause was construed against it. <u>Id.</u> at 1348. Moreover, the clause in <u>Newman</u> is not similar to the Forum Selection Clause here, as it provides: "[t]he parties hereto consent to venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois." <u>Id.</u> at 1347. That clause is permissive in that it does not require litigation to be brought in any particular forum, but simply requires the parties to consent to venue and

7

jurisdiction if suit is filed in Lake or Cook County. The Forum Selection Clause here mandates that any litigation take place in the Delaware state courts in and for New Castle County or the federal Delaware District Court, and no place else.

The only case cited by the Defendants addressing a forum selection clause similar to the one at issue here is Spenlinhauer v. R.R. Donnelley & Sons Co., 534 F. Supp.2d 162 (D. Me. 2008). That case, although holding that removal was permitted under the forum selection clause, recognized the contrary decision reached by the Eighth Circuit in iNet Directories LLC v. Developershed, Inc., 394 F.3d 1081 (8th Cir. 2005), a decision cited in Kayne's Opening Brief.[7] In iNet, the Eighth Circuit, interpreting a clause similar to the Forum Selection Clause, held:

> [T]he contract states the parties waive any objections to the laying of venue in any court in Missouri. We agree with the district court that after iNet filed this action in Missouri state court, the contract's forum selection clause unambiguously prohibited [defendant] from objecting to venue by removing the case to federal court.

Id. at 1082. Similarly, under the Forum Selection Clause, the Defendants here waived any objection to the laying of venue of a suit brought in the Delaware Superior Court and, thus, they are prohibited from objecting to venue by removing the case to this Court.

In addition to the Eighth Circuit, the Fifth Circuit found that a clause similar to the Forum Selection Clause prohibits removal to federal court in Waters v. Browning-Ferris Industries, Inc., 252 F.3d 796 (5th Cir. 2001). The clause in Waters provided that the defendant:

> [A]grees that any such suit, action, or legal proceeding may be brought in the courts of [Texas] or the courts of the United States for [Texas], (ii) consents to the jurisdiction of each such court in any suit, action, or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit, action, or legal proceeding in any of such courts.

---

[7]      The Defendants also attempt to distinguish a case cited by Kayne in its Opening Brief, Connecticut Bank of Commerce v. The Republic of Congo, 440 F. Supp.2d 346 (D. Del. 2006). However, those attempts fail. Indeed, the Defendants address a portion of the forum selection clause that was neither at issue in that case nor addressed by the Court. Def. Ans. Brief at 18-19. Kayne is at a loss as to how the Defendants' discussion is relevant to the issues now before the Court.

Id. at 797. The defendant removed the case to federal court after plaintiff filed suit in Texas state court. The plaintiff contended that the case should be remanded based on the foregoing clause and the Court agreed. The Court held that it "is not free to relieve [defendant] of its contractual waiver of jurisdiction and venue in [state court]." Id. at 798. Similarly, the Forum Selection Clause forbids the Defendants from removing this case to this Court and escaping their contractual obligations.

Moreover, two of the three judges from the District of Colorado interpreting a forum selection clause similar to the one at issue here have agreed with Kayne's interpretation of the Forum Selection Clause. In Quizno's Franchising II LLC v. Gilco, Inc., 2007 WL 196829 (D. Colo. January 22, 2007), the plaintiff requested that the action be remanded to state court based on a contractual forum selection clause. That forum selection clause, a copy of which is attached hereto as Exhibit B, provided, in part:

> [T]he parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

The Court in Quizno's noted that the same forum selection clause was interpreted by two other judges from that District in the prior months, each of whom reached different conclusions.[8] Quizno's, 2007 WL 196829, at *1. The Court held that the forum selection clause prohibited removal of the state court action to federal court. Id. Specifically, the Court concluded that the

---

[8]    In QFA Royalties LLC v. Bogdanova, 2006 WL 3371641 (D. Colo. November 21, 2006) and QFA Royalties LLC v. Majed, 2006 WL 3500618 (D. Colo. December 1, 2006), the United States District Court for the District of Colorado ruled that the forum selection clause did not prohibit removal, while the same Court in QFA Royalties LLC v. Petke, No. 06-cv-01633-WMD (D. Colo. Nov. 13, 2006), ruled that the forum selection clause did prohibit removal. The Petke decision is attached hereto as Exhibit C. In Petke, the Court also addressed the Newman decision cited by the Defendants here and found that the forum selection clause in Newman was distinguishable. The Court held that, unlike the clause in Newman (which was a mere geographic limitation), the clause before it included a waiver of any objection to venue or jurisdiction, which indicated "a broad waiver of rights rather than a mere geographic limitation." See Ex. C.

defendants' waiver of objections to venue precluded them from objecting to venue in state court by removing the action to federal court. Id. The Defendants have likewise waived any objection to venue and, thus, should be precluded from removing this action.

The Defendants balk at that assertion on the grounds that subsection (b) of the Forum Selection Clause does not "on its face impact removal rights" and is limited to "venue." Def. Ans. Brief at 8. However, as the cases cited above make clear, a contract provision can operate to waive removal rights even if removal is not expressly referenced therein. See Foster, 933 F.2d 1217-18 (finding that forum selection clause constituted waiver of defendant's right to remove even though "removal" was not mentioned in that clause);[9] see also Collin County v. Siemens Business Services, Inc., 250 Fed. Appx. 45, 50 (5th Cir. 2007) ("It is likewise established law that a party may waive its removal rights by contract - even without the use of 'explicit words, such as 'waiver of right of removal.'") (quoting Waters, 252 F.3d at 797). In addition, it is absurd for the Defendants to suggest that removal does not affect venue and, therefore, that the waiver of objections to venue contained in subsection (b) is irrelevant to whether they waived their removal rights. Removal necessarily changes the "proper or possible place for the trial of a lawsuit" (which is the definition of "venue" utilized by the Defendants in their Answering Brief)[10] from state to federal court.[11] See, e.g., iNet, 394 F.3d at 1082; Waters, 252 F.3d at 798; Quizno's, 2007 WL 196829, *1.

---

[9]    The Defendants elsewhere in their Answering Brief concede that contractual waivers of removal rights need not expressly mention removal: "The court [in Foster] viewed this language as *suggestive of* a waiver of removal rights." Def. Ans. Brief at 9 (emphasis added).

[10]    See Def. Ans. Brief at 9.

[11]    The Defendants attempt to bolster their "plain language" argument by contending that the heading of Section 9.3 of the Purchase Agreement, which reads "Jurisdiction; Waiver of Jury Trial," signifies that "[e]stablishing jurisdiction in Delaware courts and waiving jury trial rights are the only two things that the plain language of § 9.3(a) accomplishes." Def. Ans. Brief at 10. That contention is belied by the fact that Section 9.3 also addresses service of process and arbitration, neither of which is mentioned in the heading. See Purchase Agreement

10

The Defendants cite but one decision (from a District Court outside of the Third Circuit) that addresses a forum selection clause similar to the one at issue in the instant case. However, other courts, including the United States Courts of Appeals for the Fifth and Eighth Circuits, have interpreted forum selection clauses almost identical to the one at issue here in accord with Kayne's interpretation. Kayne's interpretation, adopted by the Fifth and Eighth Circuits and the majority of the District of Colorado, effectuates the plain language of the Forum Selection Clause and holds the parties to their contractual obligations. Kayne, therefore, respectfully requests that the Court adopt the reasoning of those courts, and remand this case to the Delaware Superior Court.

## IV.   THE DELAWARE STATE JUDICIARY'S DUAL SYSTEM OF LAW AND EQUITY HAS NO EFFECT ON THE OPERATION OR INTERPRETATION OF THE FORUM SELECTION CLAUSE.

The Defendants' argument that the "unique nature of the split Delaware system of law and equity" should affect this Court's application of the Forum Selection Clause is nothing more than a red herring. The structure of the Delaware state judiciary has absolutely nothing to do with the right to remove an action to federal court, waivers of that right, or the scope and effect of the Forum Selection Clause. The Defendants' argument is a transparent attempt to confuse the issues and should be disregarded by this Court.

Furthermore, the Defendants' argument is contrary to Delaware law. They cite two unpublished decisions from the Superior Court and Chancery Court, neither of which has any precedential value, to support the proposition that the Superior Court does not have jurisdiction over negligent misrepresentation claims unless they are brought under the Consumer Fraud Act.

---

at § 9.3(a) and (b). More importantly, the parties agreed in the Purchase Agreement that "[t]he table of contents, titles, captions *and headings* of the Articles and Sections herein… are for convenience of reference only and *are not intended to be a part of or to affect or restrict the meaning or interpretation of this Agreement*." Purchase Agreement at § 1.2(b) (emphasis added).

Neither the Defendants nor the unpublished decisions they cite account for <u>Chrysler Corp.</u> <u>(Delaware) v. Chaplake Holdings, Ltd.</u>, 822 A.2d 1024 (Del. 2003), which was an appeal of a non-Consumer Fraud Act case where the Delaware Supreme Court recognized a distinction between claims for negligent misrepresentation cognizable at law and at equity. <u>Id.</u> at 1037.

More importantly, the Defendants fail to appreciate that, even if they had supportable grounds to object to the Superior Court's exercise of jurisdiction over Kayne's negligent misrepresentation claim (which they do not), the Forum Selection Clause would not prevent them from vindicating their rights by filing with the Superior Court a motion to dismiss Kayne's negligent misrepresentation claim for lack of subject matter jurisdiction.  As such, the Defendants' strained analogy between their alleged rights under the Forum Selection Clause to remove and to transfer is not well taken.

## V.    A FINDING THAT THE DEFENDANTS WAIVED THEIR REMOVAL RIGHTS IN THE FORUM SELECTION CLAUSE WILL NOT FRUSTRATE REASONABLE COMMERCIAL EXPECTATIONS.

In an apparent effort to milk the *expressio unius est exclusion alterius* maxim for all they can, the Defendants allege that certain drafting guides describe model forum selection clauses similar to the Forum Selection Cause at issue here as implicating such things as jurisdiction and forum *non conveniens*, but are silent as to waiver of removal rights.  The Defendants conclude that, by expressly discussing certain legal implication of those forum selection clauses but not waiver of removal rights, those drafting guides did not intend those clauses to foreclose removal. The Defendants' argument is flawed.

As a threshold consideration, it must be noted that this Court is not bound by what authors say – let alone what they do **not** say – in their treatises and drafting guides.  In addition, the Defendants' argument cannot be tested by, and therefore is of no value to, Kayne or this

Court because the Defendants included an excerpt from just one of the model forum selection clauses they cite.  Furthermore, the Defendants place undue emphasis on the *expressio unius est exclusion alterius* maxim.  In a different but analogous context, the United States Court of Appeals for the Ninth Circuit has discounted that maxim:  "[C]ommentators have noted that the use of maxims of statutory construction such as "*expressio unius* "are problematic insofar as there is no hierarchy of maxims of statutory interpretation.  Why choose *expressio unius* rather than another maxim, indeed, the exact opposite:  that listing some cases may include others?" Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881, 899-900 (9th Cir. 2005).  See also Karl N. Llewellyn, Remarks on the Theory of Appellate Decision and The Rules or Canons About How Statutes Are to Be Construed, 3 Vand. L. Rev. 395, 405 (1949-1950) (citing an equally applicable legal maxim holding that "[t]he language may fairly comprehend many different cases where some only are expressly mentioned by way of example.").

It is unreasonable, unrealistic, and irresponsible for the Defendants to assume not only that the authors of the drafting guides and treatises they cite intended to exhaustively discuss every possible legal implication arising from their model agreements rather than provide some illustrative examples of the legal significance of those agreements,[12] but also that the few drafting guides and treatises the Defendants rely upon accurately reflect the expectations of the entire business community.  The Defendants' interpretation of the guides also is contradicted by the application of forum selection clauses similar to the one at issue in this matter by the various courts discussed above.  Therefore, there is no basis for this Court to conclude that finding a waiver by the Defendants of their removal rights would frustrate the reasonable commercial expectations of the Defendants or any other person.

---

[12]    This point applies with even greater force to American Seed Co., Inc. v. Monsanto Co., C.A. No. 05-535-SLR (D. Del. Dec. 5, 2005), where the plaintiff resisted transfer of the action, not its removal to federal court. Therefore, the Monsanto case, which the Defendants cite in their Answering Brief, has no application here.

## CONCLUSION

In light of the foregoing, Kayne respectfully requests that the Court grant its motion and remand this action in its entirety to the Superior Court of Delaware in and for New Castle County.

Respectfully submitted,

 /s/ John C. Phillips, Jr. (#110)
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorneys for Plaintiff

DATE: May 5, 2008

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAYNE SUNSTATE INVESTORS, LLC<br>A Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>ROY ELIASSON, BRYON WOLF, and<br>ALFRED WOLF,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:08-CV-00141 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF KRISHNAN RAMASWAMI

I, Krishnan Ramaswami, certify that I am over the age of eighteen and have personal knowledge of and am competent to testify to the matters stated herein.

1.    I am the Senior Managing Director of Kayne Anderson Private Investors II, L.P., the Manager of Kayne Sunstate Investors, LLC ("Kayne Sunstate"), and I have held that position since before Kayne Sunstate was formed. My office is located in Los Angeles, California.

2.    In early 2007, I was involved in the negotiation of the Interest Contribution and Preferred Unit Purchase Agreement (the "Purchase Agreement") entered by Kayne Sunstate and the defendants in the case captioned above, Roy Eliasson, Bryon Wolf, and Alfred Wolf (collectively, the "Defendants"), which is the document that is the subject of the complaint in the captioned action.

3.    The Defendants and Kayne Sunstate were each separately represented by their own counsel in the negotiations and drafting of the Purchase Agreement. The Purchase Agreement was not drafted by just one side, but rather its terms were negotiated between the parties, with both sellers and buyer contributing to the terms of the document.

4.    The terms of the Purchase Agreement, including the Forum Selection Clause contained therein, resulted from the joint efforts of counsel for Kayne Sunstate and the Defendants.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing affidavit are true.

May 5th, 2008
_____
Date

_____
Krishnan Ramaswami

BA2DOCS1/341692

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ }

On _May 5, 2008_ before me, _Janine Regal, Notary Public_ ,
Date                                    Here Insert Name and Title of the Officer

personally appeared _Krishnan Ramaswami_
                              Name(s) of Signer(s)

_____

JANINE L. REGAL
Commission # 1695571
Notary Public - California
Los Angeles County
My Comm. Expires Sep 24, 2010

Place Notary Seal Above

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                    Signature of Notary Public

---
## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

### Capacity(ies) Claimed by Signer(s)

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

# EXHIBIT B

assignment or other documents Franchisor and its affiliates request to show ownership or to help Franchisor and its affiliates obtain intellectual property rights in the item.

20.6   **Confidentiality Agreement**.   Franchisor reserves the right to require that Franchisee cause each of its Bound Parties and Designated Managers (and, if applicable, the spouse of a Designated Manager) to execute a Nondisclosure and Noncompetition Agreement containing the above restrictions in a form approved by Franchisor.

## 21. DISPUTES

21.1   **Governing Law/Consent to Venue and Jurisdiction**.   Except to the extent governed by the United States Trademark Act of 1946 (Lanham Act, 15 U.S.C. §§ 1051 et seq.) or other federal law, this Agreement shall be interpreted under the laws of the State of Colorado, and any dispute between the parties, whether arising under this Agreement or from any other aspect of the parties' relationship, shall be governed by and determined in accordance with the substantive laws of the State of Colorado, which laws shall prevail in the event of any conflict of law.   Franchisee and Franchisor have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship.   Therefore, if a claim is asserted in any legal proceeding involving Franchisee or any Bound Party and Franchisor, the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

21.2   **Waiver of Jury Trial**.   Franchisor, Franchisee, and the Bound Parties each waive their right to a trial by jury.   Franchisee, the Bound Parties, and Franchisor acknowledge that the parties' waiver of jury trial rights provides the parties with the mutual benefit of uniform interpretation of this Agreement and resolution of any dispute arising out of this Agreement or any aspect of the parties' relationship.   Franchisee, the Bound Parties, and Franchisor further acknowledge the receipt and sufficiency of mutual consideration for such benefit.

21.3   **Remedies**.   Except as set forth in Section 21.4, the court will have the right to award any relief which it deems proper in the circumstances, including, without limitation, money damages (with interest on unpaid amounts from the date due), lost profits, specific performance, injunctive relief, and attorneys' fees and costs.   The parties agree that any claim for lost earnings or profits by Franchisee shall be limited to a maximum amount equal to the net profits of the Restaurant for the prior year as shown on Franchisee's federal income tax return. The parties further agree that, in addition to such other damages awarded by the court, if this Agreement is terminated because of a Franchisee default, Franchisee shall be liable to Franchisor for a lump sum amount equal to the net present value of the Royalties, Marketing and Promotion Fees, Local Advertising Fees, and Regional Advertising Fees that would have become due following termination of this Agreement for the period this Agreement would have remained in effect but for Franchisee's default.   Royalties, Marketing and Promotion Fees, Local Advertising Fees, and Regional Advertising Fees for purposes of this Section shall be calculated based on the Restaurant's average monthly Gross Sales for the twelve (12) months preceding the termination date.

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-01633-WDM-CBS

QFA ROYALTIES LLC, QUIZNO'S FRANCHISING II LLC, and QIP HOLDER LLC,

   Plaintiffs,

v.

JOE PETKE and JENNIFER PETKE,

   Defendants.

---

## ORDER TO REMAND

---

   This matter is before me on plaintiffs' Motion to Remand (docket no. 10) pursuant to 28 U.S.C. § 1447(c).  Defendants removed this case to this Court on the basis of diversity.  Plaintiffs, however, contend that defendants contractually waived their right to contest venue, which precludes removal.  I agree and grant the motion.

   The contract term at issue provides:

   Franchisee and Franchisor have negotiated regarding a forum in which to resolve any disputes arising between them and have agreed to select a forum in order to promote stability in their relationship.  Therefore, if a claim is asserted in any legal proceeding involving Franchisee or any Bound Party and Franchisor, the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado, and each party waives any objection it might have to the personal jurisdiction of or venue in such courts.

Exhibit A to Motion to Remand at ¶ 21.1.

   In general, there is a presumption against removal and all doubts are resolved in

favor of remand.  *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th

Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Nonetheless, a contractual waiver of the statutory right to remove a case from state to

federal court must be "clear and unequivocal."  *Milk 'N' More, Inc. v. Beavert*, 963 F.2d

1342, 1346 (10th Cir. 1992).  Further, if there is ambiguity in the contractual provision, I

must construe it against the drafter.  *Id.*

I find that the clause here is not ambiguous.  The plain language provides that "if

a claim is asserted in any legal proceeding," it shall be in either of the two exclusive

venues designated by the contract and "each party waives any objection it might have

to the personal jurisdiction or venue of such courts."  Such waiver includes an objection

to venue by removing the case in the event that the claim is asserted in state court.

*iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005).

Defendants urge that because the contract provision does not expressly include

a waiver of removal rights, a preference for a particular forum, or language vesting in a

plaintiff the right to control the forum, the clause fails to evince a "clear and

unequivocal" intent to waive the right to removal.  I disagree.  A waiver of the right to

remove need not contain specific words or phrases such as "waiver of right of removal."

*Waters v. Browning-Ferris Indus., Inc.,* 252 F.3d 796, 797 (5th Cir. 2001); *see also Milk*

*'N' More*, 963 F.3d at 1346 (waiver of removal established in contractual forum

selection clause that did not expressly reference removal rights).  Moreover, the

language of the clause demonstrates a clear intent that, once a claim is asserted in

whichever of the two acceptable venues is chosen by a party initiating the case, it shall

2

be the exclusive venue for the dispute. *See American Soda, LLP v. U.S. Filter Wastewater Group, Inc.,* 428 F.3d 921, 927 (10th Cir. 2005) ("when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. Where only jurisdiction is specified, we will nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make venue exclusive.") (*citing K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 499 (10th Cir. 2002)).

In addition, I find that the forum selection clause in this case is distinguishable from those in cases where the court held that the clause did not effect a waiver of the right to remove. *See, e.g., Newman/Haas Racing v. Unelko Corp.,* 813 F.Supp. 1345, 1348 (N.D. Ill. 1993) (finding clause in which parties consented to "venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois" to be "more in the nature of a geographic limitation than a vesting in the claimant of the exclusive right to choose.") In contrast, the clause here specifically waives "any objection" to venue or jurisdiction that might arise after initiation of a lawsuit and, therefore, indicates a broad waiver of rights rather than a mere geographic limitation.

Defendants have not argued that enforcement of the forum selection clause is unfair or unreasonable, only that a different interpretation should apply. *Excell v. Sterling Boiler & Mechanical, Inc.*, 106 F. 3d 318, 321 (10th Cir. 1997). Accordingly, plaintiffs' motion to remand should be granted.

Plaintiffs also seek an award of attorneys' fees and costs pursuant to 28 U.S.C.

3

§ 1447(c) which permits such an award.  It has now been established that attorneys'
fees under § 1447(c) should only be awarded if it is shown that there was no objectively
reasonable basis for seeking removal.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704,
711 (2005).  At the time that defendants filed their notice of removal, there was no
controlling authority from the Tenth Circuit concerning the effect of a waiver of
objections to venue and jurisdiction in the context of a forum selection clause.  In
addition, case law from other jurisdictions is conflicting.  While I disagree with
defendants' reading of the forum selection clause, it was not objectively unreasonable.
Accordingly the request should be denied.

It is therefore ordered:

     1.  Plaintiffs' motion to remand (docket no. 10) is granted;

     2.  Plaintiffs' request for attorneys' fees and costs is denied; and

     3.  The Clerk of the court shall remand this case to the district court of the City
and County of Denver, Colorado.

     DATED at Denver, Colorado, on November 13, 2006.

                     BY THE COURT:


                     s/ Walker D. Miller
                     United States District Judge