IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAYNE SUNSTATE INVESTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-141-SLR |
| | ) | |
| ROY ELIASSON, BRYON WOLF, and ALFRED WOLF, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND PROPOSED ORDER

WHEREAS, plaintiff Kayne Sunstate Investors, LLC filed this action in the Delaware Superior Court (the "Delaware Action");

WHEREAS, defendants Roy Eliasson, Bryon Wolf, and Alfred Wolf removed the Delaware Action to this Court and, in lieu of answering, moved to stay and to dismiss this action on April 2, 2008 (D.I. 5), based, in part, upon the existence of a preliminary injunction order entered by the United States District Court for the Middle District of Florida in the action styled Federal Trade Commission v. FTN Promotions, Inc., Case No. 8:07-cv-1279-T-30TGW;

WHEREAS, defendants Roy Eliasson and Bryon Wolf also moved in the United States District Court for the Middle District of Florida to enforce the injunction order and to stay this action;

WHEREAS, Kayne Sunstate Investors, LLC opposed both motions;

WHEREAS, the Federal Trade Commission filed papers in support of the stay request in the United States District Court for the Middle District of Florida;

WHEREAS, the Court in <u>Federal Trade Commission v. FTN Promotions, Inc.</u>, Case No. 8:07-cv-1279-T-30TGW, entered an order on June 10, 2008, granting the motion to stay the Delaware Action and finding that the "Delaware Action to the extent it seeks to enforce a claim against Defendants Byron Wolf, Alfred Wolf and Roy Eliasson is subject to this Court's Preliminary Injunction Order" (Exhibit A); and

WHEREAS, to implement and carry out this order, the parties agree and stipulate as follows, subject to the approval of the Court,

1. This action shall be stayed in its entirety until the stay order entered by the United States District Court for the Middle District of Florida in the action styled as <u>Federal Trade Commission v. FTN Promotions, Inc.</u>, Case No. 8:07-cv-1279-T-30TGW, is lifted, modified to allow this case to continue, expires, or the Florida action concludes.

2. The parties shall report to the Court within 10 days after the stay order is lifted, modified to allow this case to continue, expires, or the Florida action concludes.

3. Nothing herein shall affect Kayne Sunstate Investors, LLC's substantive and procedural rights upon the conclusion of the stay and the continuance of this action, including its efforts to remand this case to the Delaware Superior Court.

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ *John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)
Brian E. Farnan (No. 4089)
David A. Bilson (No. 4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com

*Attorneys for Kayne Sunstate Investors, LLC*

Dated: June 12, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ John W. Shaw

John W. Shaw (No. 3362)
Michele Sherretta Budicak (No. 4651)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Roy Eliasson, Bryon Wolf, And Alfred Wolf*

SO ORDERED this ___ day of _____, 2008,

_____
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                           Case No. 8:07-cv-1279-T-30TGW

FTN PROMOTIONS, INC., et al,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Byron W. Wolf and Roy A. Eliasson's Motion for Stay of Delaware Lawsuit (Dkt. #225), Kayne Sunstate Investors, LLC's Opposition to Defendants Byron W. Wolf and Roy A. Eliasson's Motion for Stay of Delaware Lawsuit and Request for Oral Argument (Dkt. #227), and Plaintiff Federal Trade Commission's Response in Support of the Motion of Defendants Byron W. Wolf and Roy A. Eliasson for a Stay of Delaware Lawsuit (Dkts. #234 and #235). The Court, having considered the motion, response, memoranda, declarations, exhibits, and being otherwise advised in the premises, concludes that Defendants' motion should be granted.

On July 23, 2007, the FTC commenced the instant action against Defendants alleging that the Defendants violated Section 5(a) of the FTC Act and numerous provisions of the FTC Telemarketing Sales Rule. The FTC requested, among other things, the entry of a temporary restraining order and a preliminary injunction to avert the likelihood of consumer

injury during the pendency of this action and to preserve the possibility of effective final relief.

Defendants Byron W. Wolf, Alfred Wolf, and Roy A. Eliasson ("Eliasson") are officers, directors, and/or stockholders of Defendants FTN Promotions, Inc., Guardian Marketing Services, Corp., Strategia Marketing, LLC, Co-Compliance, LLC, Bay Pines Travel, Inc., and Suntasia Properties, Inc.

On July 23, 2007, this Court entered an Ex Parte Temporary Restraining Order ("TRO") with Asset Freeze (Dkt. #10) as to the Corporate Defendants "FTN Promotions, Inc., dba Suntasia, Inc., Suntasia Marketing, Inc., and Capital Vacations; Guardian Marketing Services Corp., dba Guardian Escrow Service; Strategia Marketing, LLC; Co-Compliance, LLC; JPW Consultants, Inc., dba Freedom Gold, Variety!, Credit Life, and Freedom Ring ULD; Travel Agents Direct, LLC, dba Travel Agent Direct Go Direct, Floridaway, Travel Life Go Direct, Florida Direct, and Lucid Long Distance; Agent's Travel Network, Inc., dba Florida Passport; Bay Pines Travel, Inc., Suntasia Properties, Inc. and their affiliates, subsidiaries, divisions, or telephone sales operations, wherever located."[1] Section III of the TRO required an asset freeze and stayed any judicial proceedings against the Corporate Defendants during the pendency of the receivership.

On February 8, 2008, Movant Kayne Sunstate Investors, LLC ("Kayne") filed an action against Defendants Byron Wolf, Alfred Wolf and Roy Eliasson in Delaware (the

---

[1] Dkt. #10, pp 16-17.

"Delaware Action"). The Delaware Action is currently pending in the United States District Court for the District of Delaware (Case No. 1:08-cv-00141-SLR).

On February 11, 2008, this Court entered a Preliminary Injunction Order with Asset Freeze ("Preliminary Injunction Order") (Dkt. #194) and appointed Robb Evans & Associates as the permanent receiver for the "Receivership Defendants." The Definitions section of the Preliminary Injunction order reads:

> 4. **"Defendant" or "Defendants"** means FTN Promotions, Inc., dba Suntasia, Inc., Suntasia Marketing, Inc., and Capital Vacations; Guardian Marketing Services, Corp., dba Guardian Escrow Service; Strategia Marketing, LLC; Co-Compliance, LLC; JPW Consultants, Inc., dba Freedom Gold, Variety!, Credit Life, and Freedom Ring ULD; Travel Agents Direct, LLC, dba Travel Agents Go Direct, Floridaway, Travel Life Go Direct, Florida Direct, and Lucid Long Distance; Agent's Travel Network, Inc., dba Florida Passport; Bay Pines Travel, Inc., Suntasia Properties, Inc.; Byron W. Wolf; Roy A. Eliasson; and John Louis Smith II, and by whatever other names each may be known, and any subsidiaries, affiliates, and any fictitious business entities or business names created or used by these entities, or any of them.
>
> * * *
>
> 10. **"Receivership Defendants"** means FTN Promotions, Inc., dba Suntasia, Inc., Suntasia Marketing, Inc., and Capital Vacations; Guardian Marketing Services, Corp., dba Guardian Escrow Service; Strategia Marketing, LLC; Co-Compliance, LLC; JPW Consultants, Inc., dba Freedom Gold, Variety!, Credit Life, and Freedom Ring ULD; Travel Agents Direct, LLC, dba Travel Agents Go Direct, Floridaway, Travel Life Go Direct, Florida Direct, and Lucid Long Distance; Agent's Travel Network, Inc., dba Florida Passport; Bay Pines Travel, Inc., Suntasia Properties, Inc.

On March 27, 2008, this Court entered an Order amending the Preliminary Injunction Order to include Donald L. Booth, Jeffrey P. Wolf, and Alfred H. Wolf in the definition of "Defendant" or "Defendants" as stated within the Preliminary Injunction Order. Thus, Alfred Wolf is subject to the provisions contained with the Preliminary Injunction Order.

Defendants Byron Wolf and Eliasson argue that they are "affiliates" of the "Receivership Defendants" as contemplated by the Preliminary Injunction Order. Thus, Defendants argue that the Delaware Action filed by Kayne against them violates this Court's stay of judicial proceedings against "the Receivership Defendants, any of their subsidiaries, affiliates, partnerships . . ." as stated in Section F of the Preliminary Injunction Order.[2] Section F reads, in pertinent part:

> **F. STAY OF ACTIONS**
> **IT IS FURTHER ORDERED** that:
> 1. Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other Persons[3] and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, Assets, Documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:
>    A. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;
> * * *

The FTC supports Defendants' motion to stay the Delaware Action. The FTC agrees that Byron Wolf, Alfred Wolf and Eliasson are affiliates of the Receivership Defendants, and therefore, any action to establish or enforce any claim against them is subject to this Court's

---

[2] Dkt. #194, pp 27-28.

[3] "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity." Dkt. #194, page 5, paragraph 8.

Preliminary Injunction Order. The FTC also argues that if this Court were to allow the Delaware Action to proceed, such action could seriously compromise this Court's ability to provide full and effective relief to consumers victimized by Defendants' telemarketing scheme. Kayne is seeking approximately $24 million in damages against Defendants in the Delaware Action. If Kayne was able to obtain a judgment in such amount during the pendency of the receivership, the execution of such judgment would exhaust all available assets of Defendants, thereby depriving consumers of any opportunity for restitution in this case.

Kayne argues that the Preliminary Injunction order does not apply to suits against Defendants Byron Wolf, Alfred Wolf and Eliasson, because they are not listed within the definition of "Receivership Defendants." Kayne also argues that this Court does not possess the power to stay an action pending in a sister court.

Upon a review of the pleadings, the Court concludes that the stay provision contained in this Court's Preliminary Injunction Order applies to Kayne's Delaware Action against Defendants Byron Wolf, Alfred Wolf and Eliasson. This Court's stay provision prevents any person from pursuing a claim against the receivership entities or their affiliates. As controlling shareholders of the main receivership entities, Byron Wolf, Alfred Wolf and Eliasson are "affiliates" of the Receivership Defendants for purposes of these proceedings. "Affiliate" under the Securities and Exchange Act is a person who "controls, is controlled by, or its under common control with" another. *See, e.g., SEC v. Burns*, 816 F.2d 471, 474-75 (9th Cir. 1987). Further, the purchase agreement at issue in Kayne's Delaware Action

recognizes that the term "affiliate" includes controlling shareholders.[4] For these reasons, the Court concludes that Defendants Alfred Wolf, Byron Wolf and Eliasson are affiliates of the Receivership Defendants. Accordingly, Kayne's Delaware Action to the extent it seeks to enforce a claim against Defendants Byron Wolf, Alfred Wolf and Roy Eliasson is subject to this Court's Preliminary Injunction Order.

It is therefore ORDERED AND ADJUDGED that Defendants Byron W. Wolf and Roy A. Eliasson's Motion for Stay of Delaware Lawsuit (Dkt. #225) is **GRANTED** until further order by the Court.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1279.mt stay delaware 225.wpd

---

[4] *See* Dkt.#225-5.